# UNITED STATES DISTRICT COURT

for the
District of Guam

FILED
DISTRICT COURT OF GUAM
JAN 1 1 2021
JEANNE G. QUINATA
CLERK OF COURT

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information associated with WhatsApp account mobile number 671-788-2231 stored at WhatsApp, a company in Menlo Park, CA (See Attachment A)

Case No. mj-21-00003

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Information associated with WhatsApp account mobile number 671-788-2231 stored at WhatsApp, a company in Menlo Park, CA. Property further described in Attachment A.

located in the _____ District of _____Guam_____, there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 2422(b) & 2 | Attempted Sexual Enticement of a Minor |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David B. Anderson, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ____telephone____ *(specify reliable electronic means)*.

Date: 1/11/21

City and state: Hagatna, Guam

*Judge's signature*

MICHAEL J. BORDALLO, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, David Anderson, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by WhatsApp, an electronic communications service headquartered at 1601 Willow Road, Menlo Park, CA 94025. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is also made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require WhatsApp to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications if available.

2. I am a Special Agent with the Federal Bureau of Investigation and have been since August 2008. I have been trained and have experience working investigations regarding the exploitation of children and sexual predators targeting minors through online forums and applications. I am aware individuals pursuing illegal activities with minors, or adult facilitators, often use anonymous forums and messaging applications in order to obfuscate their participation and identifying information. I have witnessed an increased use of encrypted messaging programs to further hide illegal activities from third parties and/or law enforcement.

3. During my tenure as a SA with the FBI, I have participated in numerous investigations where I have (a) conducted physical and wire surveillance; (b) executed search warrants for electronic devices; (c) served as a monitor in federal wiretap cases and overheard conversations of traffickers to identify subjects and gather evidence; (d) conducted surveillance of individuals engaged in the sexual exploitation of children and other violations of federal and state law; (e) and arrested offenders for the online production and distribution of child pornography. Successfully executing a search of social media and electronic devices is different than searching a location. Often, special equipment is necessary to conduct a search of social media or an electronic device. I have experience conducting searches on social media platforms, wherein a computer was used to access and search the information. In connection with my official duties, I investigate violations of federal criminal laws, including offenses pertaining to certain activities relating to material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252(a)(2), 18 U.S.C. § 2252A(a)(2), 18 U.S.C. § 2252(a)(4)(B), 18 U.S.C. § 2252A(a)(5)(B), 18 U.S.C. § 2422(b) and 18 U.S.C. § 1470. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media, including computer media.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2422(b) and 2 have been committed by Christopher De Leon Guerrero while using telephone number 671-788-2231 and the messaging application WhatsApp. There is also probable cause to search the

information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

   a. The purpose of the Applications is to seize evidence of violations of 18 U.S.C. § § 2422(b) & 2, relating to material involving the attempted sexual enticement of minors. The applied-for warrant would authorize the forensic examination of the stored application data for the purpose of identifying electronically stored data particularly described in Attachment B.

5. As part of the investigation, I have reviewed documentation and reports provided by and discussed information with other agents and investigators involved in the investigation.

   a. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

   b. As a result of the instant investigation described more fully below, there is probable cause to believe that evidence, fruits, and instrumentalities of attempts to violate federal law including 18 U.S.C. § § 2422(b) & 2 are held with WhatsApp Inc. a social media application company.

## PERTINENT FEDERAL CRIMINAL STATUTES

6. Title 18 U.S.C. § § 2422(b) & 2, makes it a federal crime for any person, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any

sexual activity for which any person can be charged with a criminal offense, or attempts to do so.

## BACKGROUND INFORMATION

### WHATSAPP MESSAGING APPLICATION

7. WhatsApp Messenger is a US-based proprietary, cross-platform messaging subscription service for smartphones, owned by Facebook. Users must register an actual mobile phone number to send and receive WhatsApp messages. As of August 2015, end-to-end encryption (E2E) is available on all seven platforms WhatsApp supports (Android, iOS, Blackberry, Blackberry 10, Windows Phone, S40, and S60). One-to-one WhatsApp text messages, from any E2E-enabled client, will be encrypted even across platforms.

8. WhatsApp stores device information such as the model, operating system, operating system version, mobile device phone number, and mobile network information of devices used in conjunction with the service. They also collect unique device identifiers such as the Media Access Control (MAC) address and the International Mobile Equipment Identifier (IMEI) or Mobile Equipment Identifier (MEID) of devices used to access WhatsApp.

9. In some cases, users of social networking applications will communicate directly with the application about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Application providers typically retain records about such communications, including records of contacts between the user and the providers support services, as well as records of any actions taken by the provider or user as a result of the communications. In addition, application providers often have records of the IP addresses used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP

address information can help identify which computers or other devices were used to access the account and their geographic location.

10. In my training and experience, evidence of who was using an application account may be found in address books, contact or buddy lists, email addresses in the account, and attachments to electronic messages, including pictures and files.

## FACTS SUPPORTING PROBABLE CAUSE

11. On November 17, 2020, Special Agent (SA) Jesse Bockman, with the Air Force Office of Special Investigation (AFOSI), as part of a Joint Operation with the Federal Bureau of Investigation (FBI) created an online undercover persona using a cell phone, number 671-685-4928, on several social media and online dating sites. SA Bockman has received training and been certified to conduct online undercover operations by AFOSI. Using Whisper, an anonymous posting and chatting application, SA Bockman created a profile and post which read "Parents are going out this weekend. Who's gonna come get me. Don't message if you are going to be mean tell me I'm to young". (All spelling and grammar errors in quotes are as originally written.)

12. At 4:17pm on 11/17/2020, a Whisper user, using the name of Forsei responded to SA Bockman's post. According to information provided to Whisper by Forsei, Forsei was a male, age 26-29 years old whose phone location services placed him on Guam. SA Bockman quickly established his persona, "Emmalee" or "Em", as a younger female and Forsei responded "If you are underage it's technically illegal of me to do so. That's just legal means. Age is just a number except by the law."

13. SA Bockman then provided Forsei with the undercover cell phone number, 671-685-4928, in an attempt to move the conversation to WhatsApp and to collect information on Forsei's

true identity. Prior to moving to WhatsApp, Forsei stated his name was Chris. Forsei continued to make comments about Em's age and his concerns, stating "Just trying to be careful of a lot of things you know. Me being in guard if you are underage I will get in so much trouble. I keep saying that as idk your age lol." SA Bockman stated Em was 13. Forsei responded "That is severely underage. I don't want you or me to get in trouble. Well, mostly will be me getting in trouble if we hang out. But we can talk if you still want."

14. On 11/17/2020 at 5:24pm, Chris used WhatsApp to contact SA Bockman from telephone number, 671-788-2231, and continued conversation with Em. At 6:25pm Chris began talking about the potential of sex with Em. From 11/17/2020 through 11/20/2020, Chris continued to communicate with Em and have conversations of a sexual nature during which he expressed interest in having sex with Em, was explicit in the types of sexual activity he would like to engage in with Em, and indicated he would bring condoms to the meeting to avoid having Em become pregnant.

15. Ultimately, Chris agreed to bring condoms and Vons chicken to Em's house on 11/20/2020 while her parents would be gone and the two of them could hang out and have sex. Chris arrived at 28124 Fleming Heights, Andersen AFB, Guam at 8:31pm and was approached by FBI agents while sitting in his truck, in the driveway of the home. Chris was identified as Christopher De Leon Guerrero, DOB 01/12/1991. De Leon Guerrero was searched for weapons and then escorted to an interview room within the house. De Leon Guerrero was not handcuffed during this time.

16. SA David Anderson and FBI SA Michael Gadsden conducted an interview of De Leon Guerrero beginning at 8:39pm. De Leon Guerrero was advised of his right to an attorney and his ability to end the interview at any time. De Leon Guerrero acknowledged the advice of

rights and indicated he was willing to answer questions without a lawyer present. Additionally, De Leon Guerrero provided consent for FBI to conduct a search of his vehicle, a dark grey 2017 Toyota Tacoma with dealer tags, which he had driven to the meeting and was parked in the driveway of the home. A quick search of the vehicle revealed a box of three condoms and several orders of Vons chicken.

17. When questioned why De Leon Guerrero had come to the house that night, De Leon Guerrero stated he had come to meet a girl he met online named Emmalee, who went by Em. De Leon Guerrero stated he had doubts about coming to the house and was afraid he might be arrested, but he "wanted to do something stupid and see if I get arrested." De Leon Guerrero admitted to chatting with Em on both Whisper, as user Forsei, and using WhatsApp. De Leon Guerrero stated Em told him she was 13 and wanting to hang out. De Leon Guerrero stated initially he was not gearing anything towards sex, but it ended up moving in that direction. De Leon Guerrero stated Em was the one who kept pushing things towards sex and Em made him feel bad if he didn't agree to meet up. De Leon Guerrero felt like there was a friendly relationship and then things moved more sexual in nature. He stated he began sexting and writing things of a sexual nature. De Leon Guerrero admitted to researching laws on Guam regarding the age of consent and he was aware what he was doing was illegal. De Leon Guerrero admitted to purchasing condoms on his way to the meeting and purchasing food for Em. De Leon Guerrero stated even though he knew it was wrong and stupid, he was prepared to have sex with Em; even though she was only 13 years old.

18. Based on the nature of the sexual conversations with a presumed 13 year old female minor, and De Leon Guerrero's arrival and a pre-determined location for presumed sex with a

minor, De Leon Guerrero was placed under probable cause arrest and transported to detention. A preservation letter was sent to WhatsApp on 11/24/2020 via email.

## CONCLUSION

19. Based on the aforementioned factual information, I respectfully submit there is probable cause to believe that evidence, fruits, and instrumentalities of such attempted criminal offenses involving the attempted sexual enticement of minors in violation of 18 U.S.C. § § 2422(b) & 2, may be held at WhatsApp Inc. I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

Further Affiant Sayeth Naught.

David B. Anderson
Special Agent
Federal Bureau of Investigation

## ATTACHMENT A

## DESCRIPTION OF ITEMS TO BE SEARCHED

This warrant applies to information associated with the WhatsApp Inc. ACCOUNT mobile number 671-788-2231 that is stored at premises owned, maintained, controlled, or operated by WhatsApp Inc., a company headquartered at 1601 Willow Road, Menlo Park, CA 94025.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED AND SEARCHED

**Information to be disclosed by WhatsApp.**

To the extent that the information described in Attachment A is within the possession, custody, or control of WhatsApp, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to WhatsApp, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), WhatsApp is required to disclose the following information to the government for each account or identifier listed in Attachment A:

- Information, other than information related to account creation and start of service, should be limited to account information and activity between 11/16/2020 and 11/20/2020.
- All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);
- The types of service utilized by the user;
- All records pertaining to communications between WhatsApp and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

**Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2422(b) and 2 involving Christopher De Leon Guerrero since 11/16/2020, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Communication with 671-685-4928 on any messaging applications or forums regarding the enticement of a minor.

(b) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.